UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-                                    Case No. 6:13-cr-304-Orl-28GJK

WILLIAM A. WHITE

ORDER

This case is before the Court on evidentiary matters that have been raised by the parties in advance of trial. After the Government filed its Notice of Intention to Introduce Evidence of Prior Acts of the Defendant (Doc. 33), Defendant filed his Motion in Limine Stating Objections to Use of Prior Act Evidence (Doc. 34). The Government then filed its Trial Brief and Motions in Limine (Doc. 39), and Defendant responded, (Doc. 43). The Court heard argument on these evidentiary issues on September 3, 2014, and now issues the following rulings.

I. Background

Defendant is charged in this case with five counts of communicating an interstate threat to kidnap or injure with intent to extort, in violation of 18 U.S.C. § 875(b).[1] As summarized by the Government in its trial brief, Count One is based on a threatening email sent from the email address nslf_helsterskelter@hotmail.com on May 19, 2012, to the prosecutor, judge, and FBI agent assigned to a state court case against fourteen members

---

[1] Defendant is also charged in a sixth count with violating 18 U.S.C. § 1028(a)(7), but the parties have not mentioned that count in their pretrial evidentiary submissions and it will not be discussed in this Order.

of the American Front organization[2]; Count Two is based on the Count One email being sent on May 20, 2012, to other email addresses and media outlets; Count Three is based on a different threatening email allegedly sent by Defendant on May 20, 2012, to a company owned by a family member of the state court prosecutor[3]; Count Four is based on an attempted post of the Count One threat on May 20, 2012, in the comments section following an article regarding the American Front on the website for the Southern Poverty Law Center; and Count Five is based on a May 20, 2012, post of the same threat in the comments section following an article regarding the American Front on the website for the Anti-Defamation League. (See Doc. 39 at 2-6).

The Government asks that this Court allow introduction at trial of: (1) evidence that Defendant was on supervised release in the Western District of Virginia, under the supervision of U.S. District Judge James Turk, at the time of the crimes charged in this case, as well as evidence of threats to Judge Turk and others involved in Defendant's case in Virginia; (2) evidence of Defendant's Facebook posts regarding the George Zimmerman

---

[2] The email began, "Okay PIGS. DIG THIS and DIG IT WELL This is JOE TOMASSI, CHARLES MANSON AND SON OF SAM talking to YOU all at once and telling what is gong [sic] to go down." (See Doc. 39 at 2). The email then provided the names and addresses of the judge, prosecutor, and FBI agent and told them to "listen up close and DIG what is being said or we will be sending you a message written in blood." (Id. at 2-3). The email made threats regarding the recipients' family members and stated, "Don't believe us? We just CREEPY CRAWLED the home of JAMES C TURK for righteous brother WILLIAM A WHITE and we will CREEPY CRAWL ALL OVER YOUR ASS LIKE POISON SPIDERS." (Id. at 3). The email concluded with: "The DEVIL is coming FOR HIS DUE. And when he comes, there WILL BE BLOOD" and was signed "NATIONAL SOCIALIST LIBERATION FRONT—HELTER SKELTER BRIGADE." (Id. at 4).

[3] This email began "All right pigs, DIG IT," made reference to "Charlie Manson" and a "BLACK BUS," and stated "there will be blood." (Doc. 39 at 4-5).

case and a June 1, 2012 threat to state court Judge Kenneth Lester; (3) evidence of threats made on May 28, 2012, to *Roanoke Times* reporter Daniel Casey; (4) evidence of Defendant's Facebook posts regarding Charles Manson and the murders perpetrated by Manson's followers; (5) evidence of Defendant's espousement of white supremacist and neo-Nazi ideology; and (6) evidence of Defendant's previous conviction for soliciting a crime of violence, as well as the facts supporting that conviction.

## II. Discussion

The issues raised involve application of Rules 403 and 404 of the Federal Rules of Evidence. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 404 largely prohibits the use at trial of character evidence or evidence of crimes, wrongs, or other acts. It provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Further, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, evidence of a crime, wrong, or other act "is admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

In its Notice of Intention to Introduce Evidence of Prior Acts of Defendant, the Government noted that it "maintains that much, if not all, of this evidence i[s] inextricably

intertwined with the allegations in the Indictment and do[es] not qualify as 'other acts' evidence under Fed. R. Evid. 404(b)." (Doc. 33 at 1). The Government explained that its Notice was "being filed in an abundance of caution." (Id.). In his Motion in Limine, Defendant objected to introduction of the evidence proposed by the Government, arguing that such introduction "will be confusing, needlessly time consuming, inflammatory, and because that information is simply not relevant in that it does not tend to prove or disprove any material fact." (Doc. 34 at 2). Defendant further argues that even if the evidence were relevant, "the danger of confusion of the jurors and unfair prejudice to the defendant far outweighs any relevance it might have." (Doc. 34 at 2). The relevance and admissibility of the six categories of proposed evidence are addressed in turn.

    1.    Evidence that Defendant was on supervised release and evidence of threats to those involved in Defendant's criminal case in Virginia

When the crimes at issue in this case were committed, Defendant was on supervised release in the Western District of Virginia under the supervision of United States District Judge James Turk. Judge Turk is referred to in one of the threatening email messages involved in several counts in this case. (See supra note 2). The Government proposes to introduce evidence that Defendant was on supervised release; that Defendant arranged for the mailing of books authored by Defendant with threatening messages in them to Judge Turk, the U.S. Attorney, and an Assistant U.S. Attorney on May 10, 2012; and that on May 18, 2012, a threat directed at Judge Turk was emailed from the email account nslf_helterskelter@hotmail.com—the same account used in the conduct involved in Counts One through Five in this case.

In his response to the Government's Trial Brief, Defendant acknowledges that "arguably the government is entitled to explain its theory that [Defendant] sent the book and message to Judge Turk, and that the motive for doing so was that Judge Turk presided over the proceedings where [Defendant] was convicted and sentenced." (Doc. 43 at 3). Defendant objects, however, to introduction of evidence regarding the sending of books to the U.S. Attorney and Assistant U.S. Attorney in the Virginia case, asserting that evidence regarding those two persons would be confusing, prejudicial, and not relevant.

The Court finds that evidence that Defendant was on supervised release, that a threatening book was mailed to Judge Turk in May 2012, and that an email threatening Judge Turk was sent from nslf_helterskelter@hotmail.com on May 18, 2012, is, as largely conceded by Defendant, relevant and admissible evidence in this case. The Court also finds that evidence that Defendant sent books to the U.S. Attorney and the Assistant U.S. Attorney in Virginia is relevant and admissible. The Government acknowledged at oral argument that it is not seeking to introduce evidence of the facts underlying Defendant's conviction in the Western District of Virginia, and thus Defendant's motion in limine is granted to the extent it seeks to exclude evidence regarding the factual basis of those prior crimes. In all other respects, Defendant's motion in limine is denied as to this first category of evidence.

    2.    Evidence of Defendant's Facebook posts regarding the George Zimmerman case and a June 1, 2012 threat to state court Judge Kenneth Lester

Next, the Government seeks to introduce evidence of Defendant's Facebook posts regarding the George Zimmerman case and a threat that was emailed to state court Judge

Kenneth Lester—who presided over the Zimmerman case—on June 1, 2012, from email address redpawn1111@hotmail.com. Defendant's Facebook remarks regarding the Zimmerman case included, "You will find the word pig written in blood on the wall." (See Doc. 39 at 7). The email to Judge Lester started with "DIG PIGS," referred to Judge Lester as a "PIG JUDGE," referred to a "BLACK BUS" coming to Judge Lester's house, and referred to "PIGLETS." (Doc. 39 at 20).

The Government argues that Rule 404(b) does not apply to this evidence because it is inextricably intertwined with the charged offenses; because it involves the context, motive, and set up of the charged offense; because it is linked in time and circumstance to the charged offense; and because "it is an integral part of the story of the crime and is necessary to complete the story of the offense." (Doc. 39 at 28-29). The Government contends that the email threat to Judge Lester bears numerous resemblances to the emails that form the basis of the charges in this case. The origin of the IP address of the email appeared to be anonymized, as in the charged offenses. The Government contends that evidence that Defendant was behind the threat to Judge Lester is probative of the issue of whether Defendant was behind the threats at issue in the Indictment. The Government further contends that even if this evidence is 404(b) evidence, it is admissible because it is presented solely for the purpose of proving the identity of Defendant as the sender of the emails referenced in the Indictment.

Defendant responds that the Facebook posts about the Zimmerman case are not relevant and that any relevance is outweighed by confusion of the issues and the danger of unfair prejudice to Defendant. Defendant notes that the email to Judge Lester was sent

-6-

from a different email address than the one used to send the threats in this case. Defendants states that "[w]hile an inference can be drawn that the same person(s) may be sending the emails, there is nothing but confusion of issues and unfair prejudice to the Defendant that can be accomplished by interjecting into this trial evidence involving George Zimmerman shooting Trayvon Martin." (Doc. 43 at 4).

The Court finds that evidence of Defendant's Facebook post that "You will find the word pig written in blood on the wall" is relevant and admissible in this case. On the other hand, evidence of the email sent to Judge Kenneth Lester from the email address redpawn1111@hotmail.com—which is not the same email address from which the emails at issue in the charges in this case—will not permitted. Such evidence is not relevant to whether Defendant committed the crimes with which he is charged in this Court.

3.    Evidence of May 28, 2012 threats to *Roanoke Times* reporter Daniel Casey

Next, the Government seeks to introduce evidence of May 28, 2012 threats made to *Roanoke Times* reporter Daniel Casey, whoh had written articles disparaging Defendant. On that date, attempts were made to post threats on the *Roanoke Times* website, but the Roanoke Times blocked such posting. At 1:22 a.m. that day, username "Charlie F'in Manson"—using the email address nslf_helterskelter@hotmail.com and an anonymized IP address—attempted to post a comment regarding Casey's column regarding Defendant; the column was titled "William White on trial: low-rent, lowbrow lowlife." (See Doc. 39 at 18). That comment used language similar to the emails involved in the charges in this case. Another posting attempt was made by username "Charlie Fucking Manson" using the email address nslf_helterskelter@hotmail.com at 9:54 a.m. that day; that post also contained

similar language. Another post was attempted by username "Son of Sam" using the email address nslf_helterskelter@hotmail.com at 9:49 p.m. that day.

The Government notes that these threats to Casey were made using the email address nslf_helterskelter@hotmail.com and that the language used is similar to that in the emails in this case. The Government contends that "evidence that the Defendant was responsible for making [these threats] is highly probative [of] the issue of whether the Defendant was responsible for the charged conduct" and is part of the facts associated with use of the email address nslf_helterskelter@hotmail.com. The Government also asserts that these threats are closely linked in both time and circumstances.

Defendant responds that "[t]he similarity in the language tends to prove that the person(s) using the helter-skelter account sent the messages, but that similarity in no way tends to prove that [Defendant] is the person or one of the people using the helter-skelter account." (Doc. 43 at 5). Defendant contends that the evidence is unfairly prejudicial.

In light of the connection between Casey and Defendant and use of the helterskelter email, these emails are admissible.

4. Evidence of Defendant's Facebook posts regarding Charles Manson and the murders perpetrated by Manson's followers

The Government next seeks for the Court to allow introduction of evidence of Defendant's Facebook posts regarding Charles Manson and the murders perpetrated by Manson's followers. The Government argues that these posts are highly probative because the threats charged in the Indictment "are rife with references to the Manson crimes." (Doc. 39 at 32). The Government further notes that the email address

-8-

nslf_helterskelter@hotmail.com is itself "a reference to Manson's fascination with the Beatles song 'Helter Skelter' as well as Manson's interpretation of the song as a call to murder." (Id.).

Defendant acknowledges that the helter skelter email account and messages referencing the word pig written in blood "are logically associated with Charles Manson." (Doc. 43 at 5). Defendant objects, however, that posts to Defendants page "by unknown people" have limited probative value and argues that use of such evidence must be accompanied by an appropriate limiting instruction. (Id.).

To the extent the Government seeks to introduce evidence of Charles Manson-related Facebook posts made by Defendant himself, such introduction will be permitted. To the extent the Government seeks to introduce evidence of such posts made by others on Defendant's Facebook page, the Court reserves ruling until the context of each such post can be specifically assessed.

    5.    Evidence of Defendant's espousement of white supremacist and neo-Nazi ideology

The Government next seeks to introduce evidence of Defendant's "espousement of white supremacist and neo-Nazi ideology." The Government argues that some of this evidence is inextricably linked to evidence of the charged conduct and that the evidence is also probative of motive because the threats that Defendant is accused of making in this case were to officials involved in the prosecution of members of a white supremacist/neo-Nazi organization.

The Government intends to present evidence that: Defendant is the former head of the now-defunct American National Socialist Workers Party and a former member of the neo-Nazi National Socialist Movement; that the Defendant has authored numerous articles espousing this ideology; and that Defendant attended a white supremacist/neo-Nazi rally in Orlando in February 2006. With regard to the 2006 rally attendance, the Government proposes to introduce a newspaper photograph of Defendant wearing a Nazi uniform and swastika armband outside the Orlando federal courthouse.

Defendant responds that the fact that Defendant attended and spoke at a 2006 rally in Orlando "does not tend to prove that he had any connection with American Front members six years later." (Doc. 43 at 6). Defendant insists that any evidence concerning Defendant's political, religious, social, or racial beliefs must be accompanied by an appropriate limiting instruction and that this issue must be explored during jury selection.

The Court reserves ruling on the admissibility of evidence of Defendants' beliefs. Each proffered piece of evidence on this point will be addressed individually.

6.  Evidence of Defendant's previous conviction for soliciting a crime of violence and the facts supporting that conviction

Finally, the Government seeks to introduce evidence that Defendant was previously convicted of soliciting a crime of violence in the Northern District of Illinois. In that case, Defendant made a post on the website overthrow.com regarding the foreperson of the Chicago jury that convicted the defendant of solicitating to murder a federal judge. The post gave the foreperson's name, address, phone number, and photograph. The Government argues that this post shows a similar modus operandi as the instant case—threatening

persons in involved in court proceedings by revealing their personal information. Defendant objects to the introduction of this evidence, arguing that it is not relevant and that it is unfairly prejudicial.

The Government will not be allowed to introduce this evidence. Any relevance of Defendant's prior conviction and the circumstances of that crime is outweighed by the danger of unfair prejudice.

**DONE** and **ORDERED** in Orlando, Florida, on this ___5___ day of September, 2014.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant