# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-                                                    Case No.  6:13-cr-304-Orl-28GJK

WILLIAM A. WHITE

---

## ORDER

This case is before the Court following a restitution hearing that was held on March 23, 2015.[1]  (See H'rg Mins., Doc. 129).

Restitution is sought in this case pursuant to 18 U.S.C. § 3663A, part of the Mandatory Victims Restitution Act of 1996 ("the MVRA").  As its name suggests, the MVRA mandates imposition of restitution when the crime of conviction is one of the offenses specified in the statute.  (See 18 U.S.C. § 3663A(a)(1) (providing that "the court shall order . . . that the defendant make restitution to the victim of the offense" where the offense is one described in § 3663A(c))).  Defendant does not contest that the crimes of which he was convicted are among the offenses specified in the statute.  He does, however, challenge the propriety of awarding restitution for the type of losses claimed in this case.

The Government seeks imposition of restitution in the amount of $18,000.00.  This amount represents estimated lost income of Thomas Lamar, an architect who was among

---

[1]Defendant's sentencing hearing was conducted on November 21, 2014, (see Mins., Doc. 87), and judgment was entered on November 26, 2014, (Doc. 90).  At the time of sentencing, the determination of restitution was deferred, with agreement of both parties, based on Defendant's objection to the amount of proposed restitution in the presentence investigation report.

the persons threatened by Defendant.[2]   After receiving emails threatening harm to his children, Mr. Lamar and his family left their home for approximately one month, staying at an undisclosed location about an hour away.  Mr. Lamar testified at the restitution hearing that he lost an estimated $18,000 in business because he was unable to meet with clients in person during the time that he was away.  Defendant asserts that this lost income is not the proper subject of a restitution award in this case because it does not fall within any of the provisions of the MVRA.  The Court agrees.

Along with specifying the types of crimes to which its provisions apply, 18 U.S.C. § 3663A also enumerates—in subsection (b)—the categories of loss that may be the subject of a restitution award.   Here, the Government relies on paragraph (b)(4), which is undisputedly the only paragraph of subsection 3663A(b) that could possibly apply in this case.[3]   This paragraph provides that "[t]he order of restitution shall require that the defendant . . . in any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense."  18 U.S.C. § 3663A(b)(4).  By its plain terms, the statute allows for recovery of lost income in this type

---

[2]Defendant was convicted of five counts of communicating an interstate threat to kidnap or injure with intent to extort, in violation of 18 U.S.C. § 875(b).

[3]The other three paragraphs of subsection (b) pertain to cases involving "damage to or loss or destruction of property," (paragraph (1)); "an offense resulting in bodily injury to a victim" (paragraph (2)); and "an offense resulting in bodily injury that results in the death of the victim" (paragraph (3)).  None of these circumstances are present in this case.

of case[4] only where income is lost "during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." See also United States v. Diestler, Crim. No. 13-182(01)(MJD/LIB), 2014 WL 3955684, at *1 (D. Minn. Aug. 13, 2014) (noting the limited circumstances in which the MVRA authorizes an award of lost income). The lost income asserted in this case has not been tied in any way to "participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense," and therefore it may not properly be included in a restitution order. See United States v. Maynard, 743 F.3d 374, 379 (2d Cir. 2014) ("It is apparent from the text of § 3663A that unlisted harms are not compensable in restitution."). Accordingly, no restitution will be ordered in this case.

In denying restitution, the Court is not in any way criticizing the action of Mr. Lamar in removing his family from his home out of fear for their safety. Indeed, there is no question that he acted reasonably in protecting his family after receiving very graphic threats of harm. Nevertheless, the Court does not have authority to award restitution beyond that provided by Congress. See id. ("Because courts have no inherent authority to order restitution, Congress must provide the authority."). Congress simply has not provided for recovery by victims of lost income in all cases. See id. (noting that in the MVRA, Congress "chose to include only the four categories of harms listed in § 3663A(b)" and that "[i]f Congress intended to include all harms directly and proximately caused by a defendant's offense, it

---

[4]In contrast, the statute provides that in cases involving bodily injury to a victim, the restitution order shall "reimburse the victim for income lost by such victim as a result of [the] offense." 18 U.S.C. § 3663A(b)(2)(C).

-3-

could have done so with wording more simple and categorical"). The Court thus may not award as restitution the lost income claimed here.[5]

       **DONE** and **ORDERED** in Orlando, Florida, on this ___6___ day of April, 2015.

                                                      JOHN ANTOON II
                                                 United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
William A. White

---

[5]In light of the Court's conclusion that the statute does not provide for inclusion of this type of income loss in a restitution order, it is not necessary to address whether the Government met its burden of quantifying the amount of the asserted income loss.