UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

VS.                      CASE NO: 6:13-cr-304-Orl-28GJK

**WILLIAM A. WHITE**

## ORDER

This case is before the Court on Defendant's Motion for New Trial Based Upon New Evidence Pursuant to Fed. R. Crim. P. 33 (Doc. 183) and the Government's Response (Doc. 188).

"To succeed on a motion for new trial based on newly discovered evidence, the movant must establish that (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result." United States v. Ramos, 179 F.3d 1333, 1336 n.1 (11th Cir. 1999); accord United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003). "The failure to satisfy any one of these elements is fatal to a motion for new trial." United States v. Lee, 68 F.3d 1267, 1274 (11th Cir. 1995); accord United States v. Thompson, 422 F.3d 1285, 1294 (11th Cir. 2005).

In support of his new trial motion, Defendant incorporates by reference his 28 U.S.C. § 2255 motion to vacate. As the Government notes in its Response, Defendant does not in his motion to vacate identify any newly discovered evidence, with the only possible exception being impeachment evidence regarding witness Kelly Boaz that Defendant

mentions on page 16 of his § 2255 motion. But as noted above, one of the elements Defendant must establish is that "the evidence is not merely cumulative or impeaching," and "[n]ewly discovered impeaching evidence is insufficient to warrant a new trial," United States v. Champion, 813 F.2d 1154, 1171 (11th Cir. 1987). Additionally, this evidence is not "such that a new trial would probably produce a different result." Thus, even assuming that Defendant discovered this evidence after trial and did not act without due diligence in not discovering it until after trial, Defendant has not established a basis for a new trial.

Accordingly, it is **ORDERED** that Defendant's Motion for New Trial Based Upon New Evidence Pursuant to Fed. R. Crim. P. 33 (Doc. 183) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on June 7, 2017.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
William A. White

2